# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 17-cr-757 |
| ) | |
| v. ) | Judge Sharon Johnson Coleman |
| ) | |
| JACKIE EDWARDS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

The defendant, Jackie Edwards, is charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Edwards now moves this Court to suppress the evidence that was recovered as a result of a traffic stop and the subsequent search of Edwards' person and car that occurred on November 15, 2017. For the reasons set forth, that motion [34] is denied.

**Background**

The following facts are undisputed by the parties unless otherwise noted. On November 3, 2017, DEA agents began the judicially sanctioned interception of communications over a telephone known to be used by Edwards. Between that time and November 15, 2017, DEA agents intercepted over 900 calls and, from those calls, came to believe that Edwards was involved in drug trafficking in the Chicago area. On November 14, 2017, officers intercepted a call which suggested that Edwards was carrying a pistol. Officers also knew, from numerous intercepted calls, that Edwards had been informed that an unknown individual intended to rob him and that Edwards was actively seeking out this individual in order to "get" him.

During the evening of November 14, 2017, officers intercepted a call indicating that one of Edwards' contacts would be picking up a drug-related payment from Edwards' house the next morning. Chicago-based DEA agents initiated surveillance of Edwards' house early on the morning

1

of November 15th.  The individual in question arrived around 10AM, entered the house with a brown bag, and left soon thereafter with a plastic shopping bag and a brown bag.  That individual was subsequently pulled over, and found to be in possession of approximately $30,000 in cash.

Following an interview with the individual, the DEA task force initiated the process to obtain a search warrant for Edwards' residence.  The officers involved assert that the final draft of the warrant was completed before Edwards was stopped, but it is undisputed that the warrant was not signed by a judge until after the stop occurred.  Because the DEA believed Edwards was armed, it was decided that if he left his house mobile surveillance would be conducted in order to ensure that he did not return home, potentially armed, during the execution of the search warrant.

Edwards left his house in a white Land Rover registered in his name and traveled to the vicinity of 69th and Racine Avenue where, unbeknownst to the officers, Edwards owned a business. After Edwards made four consecutive right turns (essentially circling the block around his business), the supervising agent initiated an investigatory stop.  The agents activated their lights and sirens, and Edwards pulled over on the right side of the road in front of his business.

Although the parties disagree about the extent of Edwards' compliance with officer's instructions, it is undisputed that Edwards was forcibly removed from the car and taken to the ground to be handcuffed.  During this struggle, Officer Campbell felt something hard and solid in Edward's coat pocket.  Edwards was subsequently frisked for weapons, and a loaded pistol was found in his coat pocket.  It is undisputed that the officers did not observe Edwards violate any laws, that they did not have a warrant for his arrest, and that they did not have a warrant to search his person or his vehicle.

**Legal Standard**

In *Terry v. Ohio*, the Supreme Court noted that not all interactions between policemen and citizens require probable cause, and that police officers can stop and detain individuals for certain

investigative purposes. *Terry v. Ohio*, 392 U.S. 1, 19 n. 16, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). *Terry* stops are permissible when a police officer has a reasonable suspicion, supported by articulable facts, that criminal activity has or is likely to occur. *Id.* at 21–22. While reasonable suspicion requires less than probable cause, it requires more than a mere hunch. *United States v. Bullock*, 632 F.3d 1004, 1012 (7th Cir. 2011). The Seventh Circuit has held that the determination of whether an officer has a reasonable suspicion is to be based on "the totality of the circumstances" and "common-sensical judgments and inferences about human behavior." *United States v. Baskin*, 401 F.3d 788, 791 (7th Cir. 2005) (quoting *Illinois v. Wardlow*, 528 U.S. 119, 125, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000)); *United States v. Ienco*, 182 F.3d 517, 523 (7th Cir. 1999) (citing *United States v. Quinn*, 83 F.3d 917, 921 (7th Cir. 1996)). An officer conducting a *Terry* stop may pat down a suspect in order to search for weapons, but only if "specific and articulable facts" support a suspicion that the suspect is armed and presents a danger to officers or to others. *United States v. Shoals*, 478 F.3d 850, 853 (7th Cir. 2007).

In resolving a motion to suppress evidence, a district court is not required to hold an evidentiary hearing as a matter of course. Instead, a hearing need only be held when the allegations and moving papers are "sufficiently definite, specific, non-conjectural and detailed enough to conclude that a substantial claim is presented and that there are disputed issues of material fact which will affect the outcome of the motion. *United States v. Villegas*, 388 F.3d 317, 324 (7th Cir. 2004).

**Discussion**

The parties appear to agree that Edwards was pulled over in what amounted to a Terry stop. Edwards does not appear to challenge the pat down that followed the stop, and thus the sole question before this Court is whether the traffic stop here constituted a constitutionally permissible *Terry* stop.

3

Edwards contends that the information available to the officers was insufficient to support a reasonable suspicion that criminal activity had occurred or was likely to occur. Specifically, Edwards asserts that "[a] telephone intercept from the day before the arrest, a criminal conviction from 20 years ago, and a suspicion that Edwards would be travelling with a gun" were insufficient to establish a reasonable suspicion that Edwards was breaking the law.

The evidence, to the contrary, was more than sufficient to support the officers' reasonable suspicion that Edwards was involved in criminal conduct. Officers knew, from intercepted conversations, that Edwards believed an individual was planning to rob him. They also knew that Edwards was actively seeking that individual, as evidenced by the fact that Edwards had distributed his picture to contacts, had repeatedly mentioned driving around looking for the individual, and had unambiguously expressed his desire to "get" the individual. They also knew from intercepted conversations that Edwards possessed a gun, as demonstrated by his statement that he needed to return home because "Nothin' I needed I wasn't takin' to no police station with me shit, my pistol there my motherfuckin' everything there." It is, moreover, undisputed that the officers knew that Edwards had prior felony convictions for voluntary manslaughter and controlled substance violations. As a convicted felon, it would be illegal for Edwards to possess a firearm no matter how long ago the felony convictions occurred. Thus, the officers in question had sufficient information to support a reasonable suspicion that Edwards had violated the law or was presently violating the law.

Edwards contends that his suspected prior possession of a firearm was not sufficient basis for the belief that he would be armed on the date of the traffic stop. This argument might have merit if Edwards' prior suspected possession of a firearm had happened weeks or months before the traffic stop at issue. Here, however, Edwards was a suspected drug dealer, he was actively seeking out an individual who he believed intended to rob him, and he had indicated that he was in

4

possession of a pistol on the day prior to the traffic stop. These facts supported the officers' reasonable suspicion that, at the time of the stop, Edwards would be armed in violation of federal law.

Finally, Edwards attempts to argue that the government's position is irrational because, if officers had a reasonable suspicion to believe that he was armed, they would have arrested him immediately rather than trailing him for twenty minutes and twenty-six miles before initiating the stop. Edwards, however, fails to explain the legal significance of the timing of the stop, and this Court is aware of no authority suggesting that investigative stops must occur within a certain period of time after a reasonable suspicion of criminal activity is created.

**Conclusion**

For the foregoing reasons, Edwards' motion to suppress the evidence recovered from his person or in his vehicle is denied.


SO ORDERED.

_____
Sharon Johnson Coleman
United States District Court Judge

DATED: 5/21/2018